JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant Delayn Kessler ("Kessler") appeals from the decision of the Cuyahoga County Court of Common Pleas to sentence him to maximum consecutive terms of imprisonment. For the reasons adduced below, we affirm.
 {¶ 3} The following facts give rise to this appeal. Kessler was indicted by the Cuyahoga County Grand Jury on six counts of rape in violation of R.C. 2907.02, and six counts of kidnapping in violation of R.C. 2905.01, all counts having a sexually violent predator specification. The victims were a four-year-old boy and a four-year-old girl.
 {¶ 4} Kessler pled guilty to counts one and five as amended, charging rape in violation of R.C. 2907.02(A)(1)(b). Kessler also stipulated to a sexual predator classification. The trial court dismissed the remaining counts.
 {¶ 5} The trial court proceeded to sentence Kessler to the maximum sentence of ten years on each count, to run consecutively. The court also ordered the sentences to run concurrent with a prior sentence imposed on Kessler in Huron County Court of Common Pleas Case No. CRI 2002-031.
 {¶ 6} Kessler has appealed the trial court's sentencing order raising two assignments of error for our review. Kessler's first assignment of error provides:
 {¶ 7} "The trial court erred when it sentenced appellant to consecutive sentences without making the appropriate findings required by R.C. 2929.14(E)(4)."
 {¶ 8} R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime." State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 9} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 10} Thus, a trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give the reasons for its findings pursuant to R.C. 2929.19(B)(2)(c). Stadmire, supra. Failure to sufficiently state these reasons on the record constitutes reversible error. Id.
 {¶ 11} In this case the trial court set forth the following findings with its reasons on the record:
"THE COURT: All right. Thank you.
 "* * *
 "THE COURT: For a young man, you've reeked terrible havoc on the lives of other people in a short period of time, committing some of the most heinous types of crimes that can be committed against children.
 "Now, not only the factor of — you know, my understanding is that this is a young man, young boy and a young girl.
 "MR. CORRIGAN: Yes, they were four-years old, Judge.
 "THE COURT: That we typically see abuse of one sex, but when you start crossing, you know, and you're using both sexes, you know, the boy and girl, that, you know, I think it shows added type of depravity in this type of matter.
 "And for those reasons, the reasons also that you used your position as a relative or closeness with these children to exercise these activities on them, that they're — that the age of the children, not just [they're] presexual in almost any concept of anything, you know, you would have had to have lured them in and, you know, curiosity of children at this age, I just can't imagine being there as to sexual aspects of life.
 "And as a result, also, that you have committed other offenses of similar import, I believe this is one of the worst forms of the offense and that you pose a great likelihood of committing future crimes.
 "And, therefore, I'm going to impose the longest sentence available to me in each of these counts of ten years. And for some of the reasons I've already stated, but also that the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct and that your criminal history shows that consecutive terms are needed to protect the public, that these terms would be served consecutively. You have a prior offense of similar import here.
 "And I think that when you cross the lines of abusing children of both sexes, then you're in a situation where there is nothing that can be done to help you in these circumstances, or to protect the public and, therefore those terms will be served consecutive. * * *."
 {¶ 12} The defense argues that the trial court was first required to consider imposing concurrent sentences before imposing consecutive sentences. There is no such requirement under the applicable statutes. The defense also argues that the trial court's findings were conclusory and speculative. We do not agree.
 {¶ 13} A review of the above-quoted transcript reflects the trial court made the three required findings under R.C. 2929.14(E)(4). Specifically, the trial court found consecutive sentences were necessary to protect the public, the harm was so great or unusual that a single term did not adequately reflect the seriousness of the conduct, and Kessler's criminal history showed that consecutive terms were needed to protect the public.
 {¶ 14} While the trial court may not have used the exact terminology of the statute in setting forth its findings, we have previously recognized that R.C. 2929.14(E)(4) is satisfied when we can glean from the tenor of the trial court's comments, its findings, and the evidence that imposition of consecutive sentences is justified. See Statev. Robinson, Cuyahoga App. No. 81610, 2003-Ohio-1353; State v. StevenHouse, Cuyahoga App. No. 80939, 2002-Ohio-7227; State v. Franklin (May 10, 2001), Cuyahoga App. No. 77385. Upon our review of the record, we conclude that the tenor of the trial court's comments, its findings, and the evidence were sufficient to impose consecutive sentences.
 {¶ 15} We also find that the trial court sufficiently set forth the reasons for its findings pursuant to R.C. 2929.19(B)(2)(c). As we stated in State v. Webb, Cuyahoga App. No. 80206, 2003-Ohio-1718: "Although the court did not specifically state the findings first and then relate its reasons to the findings, there is no obligation to do so in the sentencing statutes. The sentencing statutes do not put an obligation upon the lower court to provide the statutory findings and its reasons in such close proximity on the record in order for the reasons to be of effect."
 {¶ 16} In this case, the trial court detailed its reasoning for its imposition of the maximum consecutive sentences issued. The court reasoned Kessler had committed one of the most heinous types of crimes that can be committed against children, the victims were children from both sexes, Kessler used his position as a relative or closeness with the children to lure them in, and Kessler had a prior offense of similar import.
 {¶ 17} We find that the trial court complied with the sentencing statutes and did not err in imposing the sentences to run consecutively.
 {¶ 18} Kessler's first assignment of error is overruled. Kessler's second assignment of error provides:
 {¶ 19} "The trial court erred when it sentenced appellant to maximum sentences without making the appropriate findings."
 {¶ 20} In order for a trial court to impose the maximum sentence, it must make the required findings set forth in R.C. 2929.14(C), which provides in relevant part: "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes. * * *"
 {¶ 21} In State v. Edmonson (1999), 86 Ohio St.3d 324, 329, the Ohio Supreme Court held that in order to lawfully impose a maximum prison sentence, the record must reflect that the trial court found the defendant satisfied at least one of the criteria set forth in R.C.2929.14(C). It is not necessary for the trial court to use the exact language of R.C. 2929.14(C), as long as it is clear from the record that the court made the required findings. State v. Hollander (2001),144 Ohio App.3d 565.
 {¶ 22} In addition, R.C. 2929.19(B) requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed," and if that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term." Failure to enumerate the findings behind the sentence constitutes reversible error. Edmonson, 86 Ohio St.3d at 329.
 {¶ 23} In the instant case, the trial court found Kessler was an offender who committed one of the worst forms of the offense and posed a great likelihood of committing future crimes. In making this finding, the court detailed its reasons as previously outlined under the first assignment of error.
 {¶ 24} Upon review of the record before us, we cannot say the trial court erred by imposing the maximum sentence.
 {¶ 25} Kessler's second assignment of error is overruled.
Judgment affirmed.
Anne L. Kilbane, P.J., and James D. Sweeney, J.,* concur.
* Sitting by assignment, Judge James D. Sweeney, retired, of the Eighth District Court of Appeals.