DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Troy A. Ames, received maximum, consecutive sentences for the offense of kidnapping and the offense of possessing criminal tools. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} On May 17, 2002, a man wearing women's clothing attempted to abduct a six year old girl from the backyard of her residence. The child's mother, who was inside the home, heard a child screaming. She went to the door where she saw the man attempting to force her daughter into a car. The mother ran to the car, pushed the man away and retrieved her daughter. The man apologized and drove away. The child's mother recorded the license plate number of the man's car. The car was registered to appellant. When the police arrived at appellant's home, appellant confessed that he had forcibly removed the child from her yard.
 {¶ 3} On September 23, 2002, appellant entered a guilty plea to one count of kidnapping, a violation of R.C. 2905.01 and a felony of the first degree. He also entered a guilty plea pursuant to North Carolinav. Alford (1970), 400 U.S. 25, to one count of possessing criminal tools, a violation of R.C. 2923.24 and a felony of the fifth degree. Appellant was found guilty and sentenced consecutively to ten years in prison for kidnapping and one year in prison for possessing criminal tools. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. The trial court erred in imposing a maximum prison term upon appellant for the offenses of kidnapping and possessing criminal tools."
 {¶ 5} "II. The trial court erred in imposing consecutive prison terms."
 {¶ 6} In his first assignment of error, appellant contends that the court erred in sentencing appellant to maximum prison terms for the offenses of kidnapping and possessing criminal tools. Specifically, appellant contends that the record does not support a finding that appellant committed the worst forms of the offenses or that appellant possesses the greatest likelihood of committing future crimes.
 {¶ 7} R.C. 2929.14(C) states in pertinent part:
 {¶ 8} "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." In addition, R.C. 2929.19(B) requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed," and if that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term." In State v.Edmonson, (1999), 86 Ohio St.3d 324, 329, the Ohio Supreme Court held that in order to lawfully impose a maximum prison sentence, the record must reflect that the trial court found the defendant satisfied at least one of the criteria set forth in R.C. 2929.14(C). It is not necessary for the trial court to use the exact language of R.C. 2929.14(C), as long as it is clear from the record that the court made the required findings.State v. Hollander (2001), 144 Ohio App.3d 565.
 {¶ 9} Appellant first contends that the record does not support a finding that he committed the worst forms of the offenses of kidnapping or possessing criminal tools. Appellant focuses on the trial judge's comment on the record that "* * * based upon your use of [women's clothing] as the way to disguise yourself that this clearly was the worst form of the offense * * *" Appellant contends that this is the trial judge's only justification for imposing maximum prison terms. To accept appellant's contention is to ignore the transcript of appellant's sentencing hearing in its entirety.
 {¶ 10} "The sentencing statutes do not put an obligation upon the lower court to provide the statutory findings and its reasons in such close proximity on the record in order for the reasons to be of effect."State v. Kessler, 8th Dist. No. 82956, 2003-Ohio-6052, citation omitted. In concluding that a defendant has committed the worst form of an offense, a trial judge must engage in a reasoning process which considers the totality of the circumstances. State v. Garrard, (1997),124 Ohio App.3d 718. "The concept of the `worst forms of the offense' obliges a judge to conceive of a hierarchy of seriousness within any legal category, although the top of the hierarchy need not be the most abhorrent imaginable to qualify as a worst form." Griffin Katz, Ohio Felony Sentencing Law (2003 Ed.) at 762.
 {¶ 11} It is clear from a review of the sentencing transcript in this case that the trial judge considered far more facts than appellant's disguise in sentencing him to maximum prison terms. The judge noted that appellant "* * * chose to prey upon a small child who was in her [fenced] back yard." * * * The trial judge further stated:
 {¶ 12} "We put fences up * * * to protect that which is behind the fence from that which is outside that fence, whether it is to keep out predators, whether it is to keep in our loved ones, including our pets. But it certainly is to protect small children. You violated those boundaries, Mr. Ames. * * * You chose your prey. You selected that child, and you grabbed her, and that little girl screamed out. Thank God she did. And what did you do? Your intention was not to just let her go when she screamed out because this child was yelling help. She was yelling. She was screaming. It didn't deter you. * * * And what you did was you threw that child over the fence. And as a result [her tooth was knocked out]. That wasn't enough, Mr. Ames. Your mission was still in force. You picked that child up and proceeded to try to get her into that motor vehicle. The motor vehicle was a means to exit and take that child for whatever purpose you had. And as you try to get the child in, she's struggling, and her little legs are injured as a result of you pushing on the car door * * * you stopped when you were confronted and knew that that child was going to be taken back by her mom."
 {¶ 13} Our review of the sentencing transcript shows that the trial judge concluded appellant had committed the worst forms of the offenses after considering appellant's disguise, his boldness, his lack of empathy, the child's age and the child's physical as well as psychological injuries. The record in this case supports the trial judge's finding that appellant committed the worst forms of the offenses.
 {¶ 14} Appellant next contends that the record does not support the trial court's finding that appellant poses the greatest likelihood of committing future crimes. In support, appellant cites his sparse criminal record which contains one misdemeanor conviction for petty theft. However, the trial court is not limited to a defendant's history of convictions when determining whether or not the defendant is likely to commit future crimes. R.C. 2929.12(D); see State v. Boshko (2000),139 Ohio App.3d 827, 837.
 {¶ 15} At appellant's sentencing hearing, the judged explained that she was in possession of a 1999 police report wherein appellant was found dressed in woman's clothing and hiding in someone's basement. The judge stated: "[W]e note that this behavior back in May was not unique. It happened before. You were in counseling. You've received treatment, and nothing dissuaded, it only escalated." Based on the foregoing, we conclude that the trial court's finding that appellant poses that greatest likelihood of committing future crimes is supported by the record. Appellant's first assignment of error is found not well-taken.
 {¶ 16} In his second assignment of error, appellant contends that the trial judge made inadequate findings to support consecutive prison terms. Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)-(a) through (c) applies:
 {¶ 17} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 18} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 19} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 20} When imposing consecutive sentences, the trial court must make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, paragraph one of the syllabus. R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. Statev. Kelly (2001), 145 Ohio App.3d 277.
 {¶ 21} In sentencing appellant to consecutive sentences, the trial judge stated that the sentences "were necessary to fulfill the purposes under 2929.11 and not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses, and the court further finds clearly the harm caused was great and unusual."
 {¶ 22} This court has held: "[A]lthough the court need not always use the `magic words' of the statute, substantial compliance is required. * * * Substantial compliance may be found where there are sufficient findings on the record to support the trial court's sentence."State v. Cole, (Dec. 17, 1999), Wood App. No. WD-99-007, citing State v.Estrada, (Sept. 18, 1998), Sandusky App. No. S-98-006 and State v.Edmonson, supra.
 {¶ 23} This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that the trial court used the appropriate "magic words" in sentencing appellant, and the record contains sufficient evidence to support the trial court's sentence in this case. Appellant's second assignment of error is found not well-taken.
 {¶ 24} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J. and Arlene Singer, J., Concur.