[Cite as *State v. Jones*, 2016-Ohio-8145.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104152**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEE JONES

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590112-A

**BEFORE:** S. Gallagher, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** December 15, 2016

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road #613
Cleveland, Ohio    44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Mary Weston
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Lee Jones disagrees with the trial court's decision to impose his ten-year prison term on a single rape count to be served consecutive to four other rape convictions Jones is already serving. There is no error in Jones's sentence, and therefore, we affirm.

**{¶2}** The facts are relatively straightforward and undisputed. Jones approached a stranger on the street, struck the victim in the face, and dragged her around a corner to rape and further beat her. For this, Jones agreed to plead guilty to a single count of rape.

**{¶3}** This was not an isolated occurrence for Jones. In 1995, he was adjudicated delinquent for rape and remanded to the Ohio Department of Youth Services. In 2003, Jones was convicted of two separate rapes, leading to a five-year concurrent prison term. In 2007 and 2008, Jones was convicted of four rapes, each of a separate victim. That time, Jones was sentenced to ten years on each count to be served consecutive to each other. In this case, the trial court accepted Jones's guilty plea and sentenced him to ten years, to be served consecutive to the rest of his sentences.

**{¶4}** Jones advances three arguments: (1) that the R.C. 2929.14(C)(4) findings are not supported by the record;[1] (2) that his aggregate sentence violates the Eighth Amendment prohibition against cruel and unusual punishment; and (3) that the trial court

---

[1]Jones has not challenged whether, and thus concedes that, the trial court made the findings under the standard set forth in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

should have credited Jones for the time being served on his prior convictions during the pendency of his current case, to reduce the current ten-year term imposed.

**{¶5}** R.C. 2929.14(C)(4) permits the court to order consecutive service of sentences if consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and additionally (3) if (a) the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense, (b) at least two of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. S*tate v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6. We must affirm an order imposing consecutive service of the prison terms, once the findings are made, unless it can be clearly and convincingly found that the record does not support the sentencing judge's findings. R.C. 2953.08(G)(2). This is an "extremely deferential" standard of review and one written in the negative. *State v. Kirkman*, 8th Dist. Cuyahoga No. 103683, 2016-Ohio-5326, ¶ 6.

**{¶6}** Despite this extremely deferential standard, Jones asks this court to determine "whether it was necessary to give a maximum and consecutive sentence, even where prison might have been the only option." The scope of consecutive-sentencing review provided in R.C. 2953.08(G)(2)(a) — that the appellate court clearly and convincingly

finds that the record does not support the R.C. 2929.14(C)(4) findings — does not provide appellate courts the latitude to answer that question. It was the trial court's sole responsibility to determine whether consecutive sentences were necessary, and if so, to make the required findings before imposing sentences to be consecutively served. An appellate court's responsibility is to determine whether the defendant demonstrated that the findings made by the trial court are clearly and convincingly not supported by the record. Stated another way, if the record supporting the individual findings is debatable or the trial court could reasonably have made the findings based on its consideration of the record, it cannot be concluded that the record clearly and convincingly does not support the findings.

{¶7} Within this framework, Jones contends that (1) the public needs no protection from Jones because he will be 69 years old when released from his previous aggregate prison term, and thus, the additional ten-year prison term serves no protective purpose; (2) the state failed to demonstrate that this particular rape involved more cruelty or unusual treatment than what is inherent in any other rape case; and (3) nothing in the record indicates that more than one act was committed. On all these points, although it could be debated whether the record sufficiently supports the findings, we cannot conclude that the record clearly and convincingly does not support the findings.

{¶8} Jones's third contention can be summarily rejected. R.C. 2929.14(C)(4)(a)–(c) are presented as three alternatives to the third finding. Only one need be supported by the record in order to affirm. We agree with Jones that under R.C.

2929.14(C)(4)(b), in order to impose consecutive service, it could be found that the harm caused by two or more of the multiple offenses was so great and unusual that no single term adequately reflects the seriousness of the offender's conduct. However, it could also be found, as the trial court did in this case, that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. Subdivision (C)(4)(c) is inherently intertwined with the first and second findings,[2] and therefore, we need not consider whether the record supports the finding under subdivision (C)(4)(b). In light of the trial court's express consideration of Jones's history of criminal conduct and the need to protect the public from Jones, any analysis of the subdivision (C)(4)(b) finding would be rendered moot whether we conclude that the first two findings are or are not supported by the record.

{¶9} Having said that, we reject Jones's first two contentions, which focus on the first and second findings in support of consecutive sentences, that consecutive sentences are necessary to protect the public from future crime and are not disproportionate to the offender's conduct. The crux of his argument rests with the misplaced belief that appellate review of consecutive sentence findings is guided by the R.C. 2929.12(B)–(E) sentencing factors and that appellate courts must consider the weight given to any one sentencing factor in reviewing whether the record supports the findings. According to

---

[2]It is conceivable that an offender lacking a history of criminal conduct could still pose a danger to the public from future crime, even though the subdivision (C)(4)(c) finding would not be supported by the record. In cases for which the offender does have a criminal history, however, the first two findings necessarily overlap with the third.

Jones, he is already serving a lengthy sentence for other crimes, and his conduct was not more serious than conduct normally constituting the offense because none of the R.C. 2929.12(B) factors were present. *See, e.g., State v. Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403. In *Kay,* the court improperly "balanced" the "only" recidivism factor, lack of remorse under R.C. 2929.12(D)(5), against numerous factors that weighed against recidivism under R.C. 2929.12(E) and determined that the record did not support the R.C. 2929.14(C)(4) finding that the consecutive service was necessary to protect the public. Even though the trial court concluded that the lack of remorse was of greater weight and thus importance, the appellate panel believed that the factors against recidivism outnumbered the lack-of-remorse recidivism factor and, according to the panel, the R.C. 2929.14(C)(4) finding was therefore not supported by the record. *Id.*

{¶10} The trial court in this case rejected Jones's view of the mitigating factors and found that keeping Jones off the street for ten additional years was necessary to protect the public because of his penchant for committing rapes against strangers. What Jones seeks is for an appellate panel to consider the sentencing factors a second time and give greater weight to the mitigating factors than the trial court had, presumably in reliance on the Ohio Supreme Court's dicta that it is "fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 * * *[,]" even though the sentence is "not clearly and convincingly contrary to law[,] if the appellate court finds by clear and convincingly evidence that the

record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶11} Allowing appellate review of sentences that are not contrary to law is seemingly at odds with the "unambiguous and definite" language of R.C. 2953.08(G)(2) and the first paragraph of *Marcum* itself, holding that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings if applicable or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1, 9; *see also State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543; *State v. Saracco-Rios*, 12th Dist. Madison Nos. CA2016-02-011 and CA2016-03-014, 2016-Ohio-7192, ¶ 18; *State v. Eichele*, 11th Dist. Geauga No. 2015-G-0050, 2016-Ohio-7145, ¶ 30; *State v. Madison*, 10th Dist. Franklin Nos. 15AP-994 and 15AP-995, 2016-Ohio-7127, ¶ 12; *State v. Adjei*, 1st Dist. Hamilton No. C-160207, 2016 Ohio App. LEXIS 3637, *3 (Sept. 9, 2016). Regardless, nothing in *Marcum* indicates that an appellate court is to supplant its judgment for that of the trial court and reconsider the weight to be given any one sentencing factor in the guise of appellate review.

{¶12} Further, this notion that appellate courts must review each of the R.C. 2929.12 factors within the consecutive-sentencing review to determine whether the offender's conduct is more serious than conduct normally constituting the offense under R.C. 2929.12 or to determine the likelihood of recidivism for the purpose of determining whether the record supports the consecutive-sentence finding, as undergone in *Kay*, 2d

Dist. Montgomery No. 26344, 2015-Ohio-4403, has been rejected by this court. *State v. Kirkman*, 8th Dist. Cuyahoga No. 103683, 2016-Ohio-5326, ¶ 7. To begin with, the Second District has since moved away from *Kay*. *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 39 (clarifying that the dissent in *Kay* was correct that a consecutively imposed sentence stands unless the record overwhelmingly supports a contrary result). Moreover, such an approach ignores the highly deferential standard under R.C. 2953.08(G)(2) and reduces appellate analysis to an arbitrary "we'll know it when we see it" standard. Had the legislature intended for the R.C. 2929.12 sentencing factors to be a mandatory consideration within the consecutive-sentence framework, the sections would have been cross-referenced. *See, e.g.,* R.C. 2929.20(J) ("[a] court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code" makes specific findings). It is evident that the legislature was aware of what statutory language was necessary to incorporate the sentencing factors into other sentencing-related findings. The absence of the R.C. 2929.20(J)-type reference in R.C. 2929.14(C)(4) speaks volumes.

{¶13} Appellate courts could very well disagree with the sentence imposed; however, disagreement over debatable issues, such as the weight or importance of any one factor or finding, is not grounds to reverse the consecutively imposed sentence under R.C. 2953.08(G)(2). *Id.*[3] This is not to say that trial courts cannot be guided by the

---

[3]There is a debate over this concept of "meaningful" appellate review of sentences. *Withrow*

sentencing factors in considering the consecutive-sentence findings; we simply recognize that no court is required to constrain itself to those factors for consecutive-sentencing purposes according the unambiguous and definite language of R.C. 2929.14(C)(4).

{¶14} Even so, appellate courts cannot reweigh sentencing factors within the scope of reviewing whether the record supports the consecutive-sentence findings. To begin with, it has been consistently maintained that a trial court need only consider the sentencing factors pursuant to R.C. 2929.11 and 2929.12. *Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 12, citing *State v. Karlowicz*, 8th Dist. Cuyahoga No. 102832, 2016-Ohio-925; *see also State v. D.S.*, 10th Dist. Franklin No. 15AP-790, 2016-Ohio-2856, ¶ 15 ("[a]lthough appellant appears to disagree with the trial court's

---

at ¶ 51 (Donovan, P.J., dissenting) (deferential standard of review does not immunize the appellate court from providing a "meaningful" review); *but see State v. Warner*, 8th Dist. Cuyahoga No. 100197, 2014-Ohio-1519, ¶ 14 (noting "[t]he fact that the trial court's decision to discount the factors [the defendant] thinks most important is unpalatable to him and others does not render the sentence entered contrary to law under Ohio's sentencing review process." "[I]t is not in the province of an appellate court to create a new standard of review solely because the legislature arguably prohibited any 'meaningful' review over an offender's final sentence."). The problem with this concept is that it ultimately turns appellate panels into sentencing courts because the panel inevitably weighs the sentencing factors to supplant its judgment for that of the trial court, the tribunal actually tasked by voters and the state constitution with sentencing criminal offenders. *See Kay*. Appellate panels lack the interaction with the offender, the victim, and the witnesses, a vital aspect of sentencing. As Jones phrased his arguments, so have numerous criminal defendants before him. They ask the panel to reject the trial court's discretion and give greater weight to the mitigating factors rejected by the trial court. Appellate courts review for errors of law. What is being asked is not to review for error, but to impose a different sentence altogether or to remand to the trial court to reconsider the sentence imposed based on the offender's interpretation of the facts. This could very well be a matter of semantics; however, the importance of what is being sought should not be disregarded. We must tread lightly on this slippery slope and avoid the temptation in cases where the sentence seems harsh, but the record is debatable. Otherwise, we risk judicially circumscribing the trial court's sentencing discretion and turn appellate panels into fact-centric, sentencing tribunals.

analysis and application of the purposes and principles of sentencing set forth by R.C. 2929.11 and the statutory factors set forth by R.C. 2929.12, such disagreement does not make a sentence that falls within the applicable statutory range contrary to law."). The weight given to the sentencing factors is discretionary, and that discretion purely rests with the trial court. All that R.C. 2929.11 and 2929.12 require is for the trial court to consider the factors. *Ongert* at ¶ 10; *State v. Montanez-Roldon*, 8th Dist. Cuyahoga No. 103509, 2016-Ohio-3062, ¶ 10-11 (R.C. 2953.08 precluded appellate review of the trial court's discretion in weighing the consistency in sentencing principles under R.C. 2929.11(B) because the final sentence was within the applicable statutory range and the trial court expressly indicated it considered all the required statutory factors and principles). Even if the trial court considered the R.C. 2929.11 and 2929.12 factors in the scope of the consecutive-sentence determination, the appellate court is prohibited from injecting itself into that discretionary function.

{¶15} Although the analogy may be simplistic, it can be said that the appellate court's role is to look at the forest while the trial court focuses on the trees. The appellate court looks at the record as a whole, in the context of the claimed error(s) and through the lens of a statutorily limited review, to ensure that the individual trees constituting the forest exist. It cannot be the role of the appellate court to reassess the weight the trial court gave to that evidence or information underlying a finding. That discretion lies with the trial court, and our review is not for an abuse of discretion. We are to give deference to the trial court's exercise of discretion and can statutorily vacate,

reverse, or modify a sentence only if we find by clear and convincing evidence that the record does not support the findings.

{¶16} Thus, our consecutive-sentencing review is limited to determining whether the record supports the findings actually made; it is not an invitation to determine or criticize how well the record supports the findings. *Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, at ¶ 37. Appellate courts are prohibited from substituting their judgment for that of the trial court because any such substitution would eviscerate the trial court's sentencing discretion. *Id.* It is one thing to reverse a conviction if the trial court finds the defendant's criminal history supported the imposition of consecutive sentences, but the defendant was a first-time offender. In that case, the record clearly and convincingly does not support the finding that the history of criminal conduct demonstrates the necessity of consecutive sentences. In addition, if the trial court mischaracterizes the history of criminal conduct (for instance, expressing its belief that consecutive service was necessary to protect the public because the offender has a history of violent offenses, when in fact the past conduct was limited to petty, nonviolent offenses), there may be grounds to determine that the consecutive findings are clearly and convincingly not supported by the record. On the other hand, if the defendant had a criminal record and the trial court simply referenced the general history of criminal conduct, but again the severity of that record is debatable because all prior conduct was petty and nonviolent, it is not incumbent upon an appellate court to reconsider the weight placed on the individual factors for the purpose of reviewing the trial court's finding,

especially by reconsidering the likelihood of recidivism factors under R.C. 2929.12(D)–(E). *See, e.g., State v. Bonnell*, 5th Dist. Delaware No. 14 CAA 10 0063, 2015-Ohio-2367, ¶ 24 (on remand following the Ohio Supreme Court's decision in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, the trial court concluded that although 101 months appears disproportionate to stealing $117 in change, the only method of preventing the defendant from reoffending was prison, and therefore, consecutive sentences were necessary). The trial court, hypothetically speaking, would implicitly have considered the severity of the crimes committed in reviewing the criminal history and making the finding that the criminal history weighs in favor of consecutive sentences in exercising its sentencing discretion.

{¶17} Moreover, this court has continuously applied the above principles in practice, and deferred to the trial court when the issue was the weight of the record in support of the consecutive-sentence findings. *State v. Primm*, 8th Dist. Cuyahoga No. 103548, 2016-Ohio-5237, ¶ 68 (after reciting the trial court's findings, the panel concluded in its entirety that "we cannot 'clearly and convincingly' find that the record does not support the court's findings."); *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075, ¶ 11 (consecutive service imposed on charges stemming from possession of child pornography was affirmed because the nature of the crime as charged reflects the severity of harm caused to the children depicted in the images); *State v. Kessler*, 8th Dist. Cuyahoga No. 82956, 2003-Ohio-6052, ¶ 16 (maximum consecutive

sentences for the rape of a minor was warranted because the defendant committed one of the "most heinous types of crimes that can be committed against children").

**{¶18}** Jones's age upon release from the prison terms he is currently serving was considered by the trial court, along with the nature of the crime committed against the victim. Although it is conceivable that some jurists could possibly debate the need to protect the public from what will be a 69-year-old serial rapist or whether the victim suffered more than was inherent in any other rape, that type of debate does not impact the determination of whether the record clearly and convincingly does not support the findings — although in this case it appears that the need to keep a serial rapist with no indicia of remorse behind bars for as long as possible is beyond question. Jones's request to reweigh the sentencing factors and give greater weight to mitigating ones in order to arrive at the conclusion that only concurrent service of his newest sentence is warranted, is not the type of appellate review contemplated within the ambits of R.C. 2953.08(G)(2). For this reason, we overrule Jones's argument. We cannot conclude that the findings are clearly and convincingly not supported by the record based on the arguments presented.

**{¶19}** Finally, we summarily overrule Jones's remaining two arguments, that consecutive service of his sentence amounts to cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution and that the trial court should have credited the days he served for his other sentences to his current sentence. Neither argument is novel; both are premised on similar, overruled arguments.

{¶20} In *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 1, the Ohio Supreme Court held that the imposition of an aggregate 134-year prison term did not constitute cruel and unusual punishment in violation of the Eighth Amendment. "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.* at syllabus. The ten-year sentence imposed on the individual count to which Jones pleaded guilty is not grossly disproportionate to the offense. Further, the 50-year, aggregate prison term is far less than the 134-year prison term affirmed in *Hairston*. Jones's sentence cannot be considered cruel or unusual.

{¶21} And in *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 11, it was concluded that an offender cannot seek jail-time credit for time spent in confinement on unrelated matters. In this case, Jones was serving his prison terms in the unrelated cases pending the disposition of the underlying case. Jones essentially is seeking to count the time served on his aggregate term twice. Although such an argument is tenable when concurrent terms of prison are involved, the Ohio Adm.Code 5120-2-04(G), provides a different rule for calculating jail-time credit for offenders serving consecutive terms. In such cases, the code instructs that jail-time credit be only applied to the aggregate term once. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 10-11. Jones is not entitled to jail-time credit in this case because his time spent in prison during the duration of the case related to his prison

terms in his earlier convictions. Having already tallied the time served according to the rule, the trial court did not err by omitting a time-served calculation in this case.

**{¶22}** Having overruled Jones's two assigned errors, we affirm the conviction.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS WITH SEPARATE OPINION; MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY

EILEEN A. GALLAGHER, P.J., CONCURRING WITH SEPARATE OPINION:

**{¶23}** I concur with the judgment of the majority opinion. I write separately to note my disagreement with paragraphs 10 and 11 of the majority opinion that I believe conflict with the legal analysis set forth in *State v. Jones*, 8th Dist. Cuyahoga Nos. 103290 and 103302, 2016-Ohio-7702, ¶ 100-108. Furthermore, I find the discussion in paragraphs 10 and 11 to be unnecessary and outside the scope of the present appeal.