DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Rafhael B. Dixon, appeals from his convictions in the Summit County Court of Common Pleas for forgery and receiving stolen property. We affirm.
 I. {¶ 2} On August 20, 2002, the Summit County Grand Jury indicted Mr. Dixon on two counts of passing bad checks, in violation of R.C. 2913.11. Subsequently, a supplemental indictment was filed wherein Mr. Dixon was indicted on 15 additional counts: (1) 14 counts of forgery, in violation of R.C.2913.31(A)(3); and (2) one count of receiving stolen property, in violation of R.C. 2913.51. Mr. Dixon pled guilty to passing bad checks, as contained in count one of the original indictment; four counts of forgery, as contained in counts five, six, seven, and ten of the supplemental indictment; and receiving stolen property, as contained in the supplemental indictment. The remaining counts were dismissed. Prior to sentencing, the trial court dismissed the passing bad checks count. On February 3, 2003, the trial court sentenced Mr. Dixon on the remaining five counts. Thereafter, on February 7, 2003, Mr. Dixon moved to withdraw his guilty plea. On March 3, 2003, Mr. Dixon timely appealed his convictions and sentence to this Court. On June 13, 2003, the trial court denied Mr. Dixon's motion to withdraw his guilty plea.[1]
 {¶ 3} On appeal, Mr. Dixon asserts one assignment of error for review.
 II. Assignment of Error
"The trial court erred in failing to permit [Mr. Dixon] to withdraw his guilty pleas where there was not a full understanding of the consequences of said pleas."
 {¶ 4} In his sole assignment of error, Mr. Dixon avers that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. For the reasons that follow, we decline to address Mr. Dixon's assigned error.
 {¶ 5} Initially, we find it necessary to note that Mr. Dixon solely appealed his convictions and sentence to this Court; specifically, the record reveals that only the sentencing entry was attached to his notice of appeal. However, on appeal, he has failed to raise any error in regard to either his convictions or sentence. "It is fundamental that the appellant bears the burden of affirmatively demonstrating error on appeal." Cardone v.Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, citingPennant Moldings, Inc. v. C J Trucking Co. (1983),11 Ohio App.3d 248, 251. As Mr. Dixon has failed to assign any error to either his convictions or sentence, this Court has nothing to review regarding his convictions or sentence, and we must presume the regularity and legality of the proceedings at the trial court level. See Beadnell v. Salineville (Dec. 30, 1987), 7th Dist. No. 86-C-19. Consequently, we must affirm Mr. Dixon's convictions.
 {¶ 6} Despite his failure to assign any error to either his convictions or sentence, Mr. Dixon assigned error to the trial court's denial of his motion to withdraw his guilty plea. A party seeking to appeal must timely file a proper notice of appeal to invest the court of appeals with jurisdiction to review a final judgment or order of the trial court. Richards v. Indus. Comm. (1955), 163 Ohio St. 439, paragraph two of the syllabus. App.R. 4(A) provides that the notice of appeal must be filed within thirty days after the judgment or order the party seeks to appeal. Further, App.R. 3(D) outlines the content of the notice. Specifically, this Rule states, in relevant part, that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereofappealed from; and shall name the court to which the appeal is taken." (Emphasis added.) App.R. 3(D). If a party seeks to include additional judgments or orders subsequently decided by the trial court in the same proceeding, App.R. 3(F) permits the party to amend his or her appeal to add such judgments or orders. See State v. West (Jan. 19, 2001), 2nd Dist. No. 2000CA56.
 {¶ 7} An appellate court "is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." Slone v. Bd. of Embalmers Funeral Directorsof Ohio (1997), 123 Ohio App.3d 545, 548; Schloss v. McGinness
(1984), 16 Ohio App.3d 96, 97-98. This promotes the purpose of App.R. 3(D): "to notify potential appellees of an appeal and advise them as to what orders the appellant is appealing from."Maunz v. Eisel, 6th Dist. No. L-02-1379, 2003-Ohio-5197, at ¶ 32, citing Parks v. Baltimore and Ohio RR. (1991),77 Ohio App.3d 426, 428.
 {¶ 8} In this case, Mr. Dixon moved to withdraw his guilty plea approximately three and one-half weeks before he filed his notice of appeal to this Court. The trial court did not rule on Mr. Dixon's motion until after his notice of appeal was filed; the trial court denied Mr. Dixon's motion on June 13, 2003. The record indicates that Mr. Dixon did not file a new notice of appeal from the June 13, 2003 judgment or seek to amend his prior notice of appeal to include the June 13, 2003 judgment. See App.R. 3(F). Accordingly, this Court lacks the authority to address Mr. Dixon's assigned error. See West, supra; Slone,123 Ohio App.3d at 548; Schloss, 16 Ohio App.3d at 97-98;Regan v. Paxton, 6th Dist. No. L-01-1205, 2002-Ohio-383 (concluding that the appellate court did not have jurisdiction to hear the appeal, as the appellant failed to file a new notice of appeal or amend his previous filed appeal to include the subsequent judgment).
 III. {¶ 9} Mr. Dixon's assignment of error is not addressed. Nevertheless, the convictions in the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
Whitmore, P.J. and Slaby, J., Concur.
[1] Although the issue of whether the trial court had jurisdiction to rule on Mr. Dixon's motion to withdraw his guilty plea is not a relevant issue to our decision, we note that when an appeal is pending before a court of appeals, the trial court is divested of jurisdiction except to take action to aid the appeal. In other words, "the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Howard v. CatholicSocial Servs. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,146, citing Yee v. Erie Cty. Sheriff's Dept. (1990),51 Ohio St.3d 43, 44 and In re Kurtzhalz (1943), 141 Ohio St. 432, paragraph two of the syllabus.