OPINION
{¶ 1} Defendant, William Gavin, appeals from his sentence of ten months confinement imposed by the court of common pleas.
 {¶ 2} Defendant pled guilty to one count of possession of less than one gram of cocaine, a fifth-degree felony, in violation of R.C.2925.11(A). He failed to appear at a sentencing hearing on September 10, 2004, due to a death in the family. He did appear for a sentencing hearing on October 15, 2004. The court reviewed the Pre-Sentence Investigation (PSI) report, which recommended community control, but found Defendant not amenable to community control sanctions. The court appears to have been concerned about Defendant's record of past convictions. The court imposed a sentence of ten months incarceration and a six month suspension of his driver's licence. Defendant filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 3} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY IMPOSING A PRISON SENTENCE WHICH WAS CONTRARY TO THE PRESENTENCE REPORT."
 {¶ 4} Defendant argues the court was prejudiced against him for his failure to appear at the September 10, 2004 sentencing hearing. As a result of his absence, he contends, the court ignored the recommendation of the PSI and imposed a ten month sentence of confinement.
 {¶ 5} A trial court is not bound to follow recommendations made in a PSI, and does not abuse its discretion when it sentences a defendant within the statutory range of confinement. See State v. Garrison (1997),123 Ohio App.3d 11. R.C. 2929.14 provides for confinement between six and twelve months for a conviction of a fifth degree felony. Defendant fails to show how the trial court committed prejudicial error or abused its discretion by imposing a sentence within the statutorily prescribed range.
 {¶ 6} With respect to Defendant's argument that the trial court imposed a sentence of confinement in retaliation for his failure to appear at the September 10, 2004 hearing, we note that the trial court expressly excluded any consideration of that fact prior to imposing a sentence. (Tr. at 25).
 {¶ 7} The assignment of error is overruled.
 {¶ 8} The judgment of the trial court will be affirmed.
Brogan, P.J. And Donovan, J., concur.