[Cite as *State v. Robinson*, 2017-Ohio-2703.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 5-16-13

      v.

MONTRE O. ROBINSON,                **O P I N I O N**

      DEFENDANT-APPELLANT.


Appeal from Hancock County Common Pleas Court
Trial Court No. 2013-CR-249

**Judgment Affirmed**

**Date of Decision:   May 8, 2017**


APPEARANCES:

    *Allen M. Vender* **for Appellant**

    *Alex K. Treece* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Montre O. Robinson ("Robinson"), appeals the December 17, 2014 judgment entry of sentence of the Hancock County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from the November 8, 2013 shooting death of Joe Gutierrez ("Gutierrez") in which it was alleged that Robinson aided and abetted Ralph G. Harris, III ("Harris") in discharging a firearm from a vehicle causing Gutierrez's death. (Doc. No. 116). On November 25, 2013, the Hancock County Grand Jury indicted Robison on one count of murder in violation of R.C, 2903.02(A), an unclassified felony, with a specification under R.C. 2941.146 that Robinson purposely caused the death of another "by discharging a firearm from a motor vehicle" and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony. (Doc. No. 1). On December 2, 2013, Robinson appeared for arraignment and entered pleas of not guilty. (Doc. No. 11).

{¶3} The case proceeded to a jury trial on October 14-17 and 20-22, 2014. (Doc. No. 110). On October 22, 2014, the jury found Robinson guilty as to the counts and specification in the indictment. (Doc. Nos. 101, 102, 110). The trial court filed its judgment entry of conviction on December 11, 2014. (Doc. No. 110). On December 11, 2014, the trial court sentenced Robinson to an indefinite term of life in prison with parole eligibility after serving 15 years on Count One, 5 years in

prison on the specification, and 24 months in prison on Count Two, and it ordered that Robinson serve the terms consecutively. (Doc. No. 112); (Dec. 11, 2014 Tr. at 24-25). The trial court filed its judgment entry of sentence on December 17, 2014. (Doc. No. 112).

{¶4} On May 19, 2016, Robinson filed his notice of appeal.[1] (Doc. No. 136). He raises two assignments of error for our review.

### Assignment of Error No. I

**The trial court erred when it imposed consecutive sentences on Robinson because the record did not contain evidence to support the trial court's findings. R.C. 2953.08(G)(2)(a); R.C. 2929.14(C)(4); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16, of the Ohio Constitution; December 11, 2014, Sentencing Hearing, Tr. 24-26; December 11, 2014 Judgement Entry.**

{¶5} In his first assignment of error, Robinson argues the trial court erred in imposing consecutive sentences.

{¶6} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the

---

[1] Robinson filed a motion for leave to file a delayed appeal with this court on May 19, 2016, which was granted on June 15, 2016.

trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶7} "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

(4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more

of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶9} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the

necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶10} The trial court made the three statutorily required findings before imposing consecutive sentences at the sentencing hearing and incorporated those findings into its sentencing entry. Specifically, at the sentencing hearing, the trial court said:

> Court finds that the additional 2 years, based upon the fact pattern here, is appropriate. Defendant specifically went about trying to hide his car, which was the travel vehicle, from law enforcement. Court finds the additional 2 years is necessary to protect the public, punish the offender. And it's not disproportionate with the fact pattern that's before the Court.
>
> In addition, as is reflected and pointed out by the Prosecutor, Defendant was under probationary supervision out of Wood County at the time of the offense.
>
> In addition, the Court finds that the harm in this case was so great, specifically a homicide, the death of an individual, that the single term does not adequately reflect the seriousness of the offender's conduct. In addition, criminal history shows that consecutive terms are needed to protect the public.

(Dec. 11, 2014 Tr. at 25-26).

**{¶11}** The trial court incorporated those findings into its sentencing entry. (Doc. No. 112). In its sentencing entry, the trial court stated:

Pursuant to Revised Code, Section 2929.14(C)(4) the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant and are not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public.

The Court also finds that the Defendant committed the multiple offenses while the Defendant was under a community sanction; that the harm caused by the Defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the Defendant's conduct and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

(*Id.*).

**{¶12}** Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings in its sentencing entry. Although the trial court needed

to find only one of the factors provided in R.C. 2929.14(C)(4)(a)-(c), the trial court found all three factors to be present. *Compare State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 8 (noting that the trial court found all three factors under R.C. 2929.14(C)(4)(a)-(c), and the trial court's conclusion that all three factors applied can be considered "as three alternatives to the third finding"); *State v. Broderson*, 8th Dist. Cuyahoga No. 103724, 2016-Ohio-5839, ¶ 9 (concluding that the trial court made the requisite R.C. 2929.14(C)(4) findings before imposing consecutive sentences despite concluding that all three factors in R.C. 2929.14(C)(4)(a)-(c) applied); *State v. Cooperwood*, 8th Dist. Cuyahoga Nos. 99309, 99310, and 99311, 2013-Ohio-3432, ¶ 39 (finding all three R.C. 2929.14(C)(4)(a)-(c) factors). *See also State v. Bray*, 2d Dist. Clark No. 2016-CA-22, 2017-Ohio-118, ¶ 31 (finding two R.C. 2929.14(C)(4)(a)-(c) factors); *State v. Turner*, 8th Dist. Cuyahoga No. 101355, 2015-Ohio-683, ¶ 11 (finding two R.C. 2929.14(C)(4)(a)-(c) factors).

{¶13} Nonetheless, Robinson argues that the trial court erred in imposing consecutive sentences because the record does not support the trial court's conclusion under R.C. 2929.14(C)(4)(b) that the harm caused by two or more of the multiple offenses was so great and unusual that no single prison term adequately reflects the seriousness of Robinson's conduct. More specifically, Robinson argues that the record does not reflect that Robinson's conduct connected with the murder

in this case was any "worse than any other defendant convicted of the same crimes." (Appellant's Brief at 8). Similarly, Robison argues that the trial court erred in imposing consecutive sentences because the record does not support the trial court's conclusion under R.C. 2929.14(C)(4)(c) that Robinson's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [Robinson]." (Doc. No. 112). That is, Robinson argues that "his criminal history is relatively minor." (Appellant's Brief at 10).

{¶14} Notwithstanding Robinson's arguments relative to those factors, the record supports the trial court's conclusion under R.C. 2929.14(C)(4)(a) that Robinson committed the offenses while under a probation sanction. Likewise, Robinson concedes that he "pleaded guilty to assault and theft in 2011" for which he "received three years of probation for those offenses" and "had nearly completed that probationary term when Harris shot Gutierrez." (Appellant's Brief at 9). Because only one R.C. 2929.14(C)(4)(a)-(c) factor needs to be supported by the record, we need not address Robinson's argument regarding the trial court's findings under R.C. 2929.14(C)(4)(b) or (c). *See Jones* ¶ 8; *Bray* at ¶ 32-33. Therefore, Robinson's sentence is not contrary to law.

{¶15} Robinson's first assignment of error is overruled.

**Assignment of Error No. II**

**The trial court abused its discretion when it refused to instruct the jury regarding an essential element of the offense when the**

> **jury sought clarification on instruction.** *State v. Carter*, **72 Ohio St.3d 545, 553, 651 N.E.2d 965 (1995);** *State v. Adams*, **103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29;** *Sandstrom v. Montana*, **442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 368 (1970). Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16, of the Ohio Constitution; Tr. 1563-66.**

{¶16} In his second assignment of error, Robinson argues that the trial court abused its discretion when it refused to instruct the jury on an essential element of the offense of murder when the jury sought clarification. In particular, Robinson argues that the trial court abused its discretion by refusing to include the word "purposely" in its response to the jury's question.

{¶17} "When a jury during its deliberation requests 'clarification of instructions previously given, a trial court has discretion to determine its response to that request.'" *State v. Juntunen*, 10th Dist. Franklin Nos. 09AP-1108 and 09AP-1109, 2010-Ohio-5625, ¶ 19, quoting *State v. Carter*, 72 Ohio St.3d 545 (1995), paragraph one of the syllabus. "A reversal of a conviction based upon a trial court's response to such a request requires a showing that the trial court abused its discretion." *State v. Castile*, 10th Dist. Franklin No. 13AP-10, 2014-Ohio-1918, ¶ 23, citing *Carter* at 553 and *State v. Young*, 10th Dist. Franklin No. 04AP-797, 2005-Ohio-5489, ¶ 35. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶18} "A trial court's response to a jury's question 'when viewed in its entirety, must constitute a correct statement of the law and be consistent with or properly supplement the jury instructions that have already been given.'" *Juntunen* at ¶ 19, quoting *State v. Preston-Glenn*, 10th Dist. Franklin No. 09AP-92, 2009-Ohio-6771, ¶ 28. "'An appellate court will only find reversible error where a jury instruction has, in effect, misled the jury.'" *Id.*, quoting *State v. Hull,* 7th Dist. Mahoning No. 04 MA 2, 2005-Ohio-1659, ¶ 45, citing *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312 (1995), and citing *Carter* at 553.

{¶19} The trial court did not abuse its discretion in its response to the jury's request for clarification. In this case, the jury asked the trial court, "can you please explain the conviction of principal * * * in layman's terms[?]" (Oct. 14-17 and 20-22, 2014 Tr., Vol. VII, at 1563). The trial court responded,

> The State's theory of the case is that Ralph Harris, III is the principal offender of the murder of Joe Gutierrez, III. And that the Defendant in this case, Montre O. Robinson, aided or abetted the principal offender, Ralph Harris, III. It makes no difference in your deliberations whether or not Ralph Harris, III has been convicted as a principal offender.

(*Id.* at 1536-1564). Contrary to Robinson's argument, the jury was not seeking clarification regarding any element of the offense of murder. Rather, the jury's

request for clarification related to principal-accomplice liability. The trial court's response regarding the principal's conviction is a correct statement of law—that is, the principal's conviction is not necessary for an "aider and abettor's" conviction. *See State v. Taylor*, 6th Dist. Wood No. WD-13-044, 2014-Ohio-5074, ¶ 26 ("'It is illogical to propose that the prosecution must show that the principal who is not on trial, violated the statute beyond a reasonable doubt. The issue at trial was not the absent principal's guilt, but rather the appellant's guilt.'"), quoting *State v. Graven*, 52 Ohio St.2d 112, 116 (1977). *See also State v. Franco*, 12th Dist. Madison No. CA97-08-035, 1998 WL 204934, *4 (Apr. 27, 1998) ("Aiding and abetting is a substantive and independent offense, so that aiders and abettors to the principal offense may be prosecuted without the trial and conviction of the principal offender."), citing *Graven* at 115-116, *State v. Perryman*, 49 Ohio St.2d 14, 27, (1976), and *State v. Smith*, 14 Ohio App.3d 366, 368 (12th Dist.1983). As such, the trial court's response did not mislead the jury. Further, the trial court's response is not inconsistent with the written instructions previously read and provided to the jury for the jury's use during deliberation, and properly supplements those instructions. (*See* Doc. No. 104). Therefore, we conclude that the trial court did not abuse its discretion in its response to the jury's request for clarification.

{¶20} Robinson's second assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J, concur.**