[Cite as *State v. Thomas*, 2020-Ohio-5468.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 9-19-89

    v.

DOUGLAS THOMAS,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 19-CR-167

Judgment Affirmed

Date of Decision: November 30, 2020

APPEARANCES:

    *Carlos M. Crawford* for Appellant

    *Nathan R. Heiser* for Appellee

Case No. 9-19-89

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Douglas Thomas ("Thomas"), appeals the December 23, 2019 judgment entry of sentence of the Marion County Court of Common Pleas. We affirm.

{¶2} On May 1, 2019, the Marion County Grand Jury indicted Thomas on a single count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony. (Doc. No 2). Thomas appeared for arraignment on May 6, 2019 and entered a plea of not guilty. (Doc. No. 7).

{¶3} On November 18, 2019, Thomas withdrew his plea of not guilty and entered a guilty plea, under a negotiated-plea agreement, to an amended count. (Doc. No. 94). Specifically, in exchange for Thomas's change of plea, the State agreed to amend the aggravated-robbery charge to robbery in violation of R.C. 2911.02(A)(1), a second-degree felony. (*Id.*). The trial court accepted Thomas's guilty plea, found him guilty, and ordered a presentence investigation ("PSI"). (Doc. Nos. 94, 97).

{¶4} On December 20, 2019, the trial court sentenced Thomas to a minimum term of 8 years in prison to a maximum term of 12 years in prison. (Doc. No. 97). The trial court further ordered that Thomas serve the prison term consecutively to the prison sentence imposed in another case.[1] (*Id.*).

---

[1] The trial court filed its judgment entry of sentence on December 23, 2019. (Doc. No. 97).

{¶5} On December 23, 2019, Thomas filed a notice of appeal. (Doc. No. 102). He raises two assignments of error, which we discuss together.

**Assignment of Error No. I**

**The Trial Court Abused its Discretion in Sentencing Appellant to the Maximum Prison Term as the Appellant's Actions Were Not the Worst Form of the Offense.**

**Assignment of Error No. II**

**The Trial Court Erred to the Prejudice of the Appellant by Improperly Sentencing Him to Consecutive Terms of Incarceration in Contravention of Ohio's Sentencing Statutes.**

{¶6} In his assignments of error, Thomas argues that the trial court erred by imposing a maximum, consecutive sentence. Specifically, under his first assignment of error, Thomas argues that the trial court erred by imposing a maximum sentence without concluding that he committed the "worst form" of the offense or that he posed "the greatest likelihood of committing future crimes." (Appellant's Brief at 3). In his second assignment of error, Thomas specifically argues that his consecutive sentence is not supported by the record.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002,

¶ 1.  Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"  *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶8}  First, we will address Thomas's argument challenging the trial court's imposition of the maximum term of imprisonment for his robbery conviction.  "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence."  *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence.").  Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'"  *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20.

{¶9} In this case, as a second-degree felony, robbery carries an indefinite sanction of two-years to eight-years of imprisonment. R.C. 2911.02(A)(1), (B), 2929.14(A)(2)(a). *See also* R.C. 2929.13(F). Because the trial court sentenced Thomas to a minimum term of 8 years in prison to a maximum term of 12 years in prison, the trial court's sentence falls within the statutory range and was appropriately calculated. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C.

2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶11} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶12} At Thomas's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Dec. 20, 2019 Tr. at 6-9); (Doc. No. 97). In particular, in assessing the seriousness of Thomas's conduct, the trial court found "the victim suffered serious psychological harm as a result of the offense." (Dec. 20, 2019 Tr. at 8). *See* R.C. 2929.12(B)(2). The trial court did not

indicate that it found applicable any factors under R.C. 2929.12(C) indicating that Thomas's conduct is less serious than conduct normally constituting the offense.

{¶13} In assessing whether Thomas is likely to commit future crimes, the trial court found that: Thomas committed the offense while under post-release control; that he was unfavorably terminated from previous "community-control supervision"; and that he has not responded favorably to sanctions previously imposed for criminal convictions. (Dec. 20, 2019 Tr. at 7). *See* R.C. 2929.12(D)(1), (3). The trial court further weighed Thomas's lengthy prior-criminal record. (Dec. 720 2019 Tr. at 7-8). *See* R.C. 2929.12(D)(2). Applying the factors under R.C. 2929.12(E)—indicating that Thomas is not likely to commit future crimes—the trial court found that none of the factors applied. (Dec. 20, 2019 Tr. at 8).

{¶14} On appeal, Thomas argues that the trial court abused its discretion by sentencing him to a maximum term of imprisonment without finding that he committed "the worst form of the offense" or that he posed "the greatest likelihood of committing future crimes" as the trial court was required to do under R.C. 2929.14(C)(4). Thomas's argument is misplaced. "R.C. 2929.14(C) previously provided that a maximum sentence could be imposed only upon offenders who committed the worst form of the offense, offenders who pose the greatest likelihood of committing future crimes, and certain repeat violent offenders." *State v. Cole*, 6th Dist. Erie No. E-18-061, 2019-Ohio-5425, ¶ 34. "This language was deleted

from the statute in 2011. Sentencing courts are no longer required to explain its reasons for imposing a maximum sentence." *Id.*, citing *State v. Pippin*, 6th Dist. Lucas No. L-18-1023, 2019-Ohio-1387, ¶ 17.

{¶15} Because the trial court considered the applicable sentencing criteria under R.C. 2929.12, the trial court did not err by imposing a maximum-prison sentence. Importantly, after weighing the seriousness and recidivism factors, the trial court concluded that Thomas failed to overcome the presumption in favor of prison and concluded that he is likely to commit future crimes. Importantly, in concluding that Thomas is likely to commit future crimes, the trial court found that Thomas has a significant history of criminal convictions; that he committed the offense while under post-release control; that he was unfavorably terminated from previous "community-control supervision"; and that he has not responded favorably to sanctions previously imposed for criminal convictions. Those findings are clearly and convincingly supported by the record. Importantly, the PSI details Thomas's prior record. In particular, the PSI reflects that Thomas has several prior felony convictions that date from 1978 and include offenses of violence—i.e., involuntary manslaughter, robbery, assault with a deadly weapon, and kidnapping. (PSI). The PSI also reflects that Thomas committed the offense at issue in this case while under post-release control. (*Id.*).

{¶16} For these reasons, we conclude the trial court did not abuse its discretion by concluding that Thomas did not overcome the presumption in favor of prison. Accordingly, we will not reverse Thomas's sentence because it is within the permissible statutory range, the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12, and the record clearly and convincingly supports the trial court's findings under R.C. 2929.11 and 2929.12. *See Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶17} Thomas further argues that the trial court erred by imposing consecutive sentences. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18}  R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences.  *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33.  Specifically, the trial court must find:  (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies.  *Id.*; *Id.*  Further, the trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry.  *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29.  A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."  *Bonnell* at ¶ 37.

{¶19}  On appeal, Thomas concedes

that the trial court's sentencing entry includes the statement that consecutive sentences were necessary to protect the public from future crime and to punish [him]; the consecutive terms were not be [sic] disproportionate to the seriousness of [his] conduct and to the danger that he posed to the public; and consecutive sentences were necessary to public from future crimes by [him].

(Appellant's Brief at 5). Instead, Thomas argues that the trial court's findings are based on "improper facts and statutory bases." (*Id.*). Specifically, Thomas contends that "the record in this case does not justify the trial court's sentence." (*Id.*).

{¶20} Thomas's argument is without merit. Rather, the trial court's imposition of consecutive sentences is supported by the record. Specifically, the record supports the trial court's conclusion under R.C. 2929.14(C)(4)(a) that Thomas committed the offense while under post-release control for a prior offense. *See State v. Robinson*, 3d Dist. Hancock No. 5-16-13, 2017-Ohio-2703, ¶ 14. (*See also* Dec. 20, 2019 Tr. at 7); (PSI). Because only one R.C. 2929.14(C)(4)(a)-(c) factor needs to be supported by the record, we need not address any argument Thomas raises regarding the trial court's findings under R.C. 2929.14(C)(4)(b) or (c). *See id.*, citing *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 8 and *State v. Bray*, 2d Dist. Clark No. 2016-CA-22, 2017-Ohio-118, ¶ 32-33. Therefore, we conclude that the record supports the trial court's findings under R.C. 2929.14(C)(4).

{¶21} For these reasons, Thomas's assignments of error are overruled.

**{¶22}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**