[Cite as *State v. Webb*, 2025-Ohio-793.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

SEAN C. WEBB,

    DEFENDANT-APPELLANT.

CASE NO. 8-24-30

**O P I N I O N**

Appeal from Logan County Common Pleas Court
Trial Court No. CR 23 08 0179

**Judgment Affirmed**

Date of Decision:  March 10, 2025

APPEARANCES:

    *William T. Cramer* for Appellant

    *Eric C. Stewart* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Sean C. Webb ("Webb"), appeals the May 14, 2024 judgment entry of sentencing of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On August 9, 2023, the Logan County Grand Jury indicted Webb on Count One of complicity to burglary in violation of R.C. 2923.03 and 2911.12(A)(2), a second-degree felony, and Count Two of complicity to grand theft of a motor vehicle in violation of R.C. 2923.03 and 2913.02(A)(1), a fourth-degree felony. Webb appeared for arraignment on August 11, 2023, and entered pleas of not guilty.

{¶3} On March 21, 2024, Webb withdrew his pleas of not guilty and entered a guilty plea, under a negotiated-plea agreement, to Count Two of the indictment. In exchange for Webb's change of plea, the State agreed to dismiss Count One. The trial court accepted Webb's guilty plea, found him guilty, and ordered a presentence investigation ("PSI").

{¶4} On May 14, 2024, the trial court sentenced Webb to 18 months in prison. The trial court further ordered that Webb serve the prison term consecutively to the prison sentence in a case in another county.

{¶5} On June 3, 2024, Webb filed a notice of appeal. He raises one assignment of error for our review.

## Assignment of Error

**By clear and convincing evidence, the record does not support the trial court's consecutive sentences findings under R.C. 2929.14(C)(4).**

{¶6} In his sole assignment of error, Webb argues that his consecutive sentence is not supported by the record.

### *Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, otherwise modify, or vacate a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

### *Analysis*

{¶8} "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). In pertinent part, R.C. 2929.14(C) provides:

(4) . . . [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} Thus, when imposing a consecutive sentence, R.C. 2929.14(C)(4) requires the trial court to make specific findings on the record. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). "Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *State v. Runyon*, 2024-Ohio-5039, ¶ 23 (3d Dist.). Further, the trial court must state the required findings at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. The trial court "has no obligation to state

reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶10} In this case, the trial court stated the following at the sentencing hearing:

> The [C]ourt finds consecutive sentences are necessary to protect the public from future crime and to punish the defendant, and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public. The Court further finds that the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the defendant *and that the defendant was on post-release control at the time he committed the offense*.

(Emphasis added.) (May 14, 2024 Tr. at 15). Moreover, the trial court incorporated the foregoing into its sentencing entry as follows:

> The Court finds that consecutive sentences are necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.* The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.) (Doc. No. 40). Accordingly, the trial court made the appropriate R.C. 2929.14(C)(4) findings necessary to impose a consecutive sentence.

**{¶11}** On appeal, Webb concedes that "the trial court made the required findings to support a consecutive sentence under R.C. 2929.14(C)(4)." (Appellant's Brief at 4). Nonetheless, Webb argues that consecutive sentences are not "necessary to protect the public or punish Webb" and are not proportionate "to the seriousness of Webb's conduct and the danger he poses to the public." (*Id.* at 5). Webb contends that the offense in this case was prompted by his long history of drug abuse and the need for money to support his addiction. Webb further contends that since the offense did not involve violence and he "took responsibility for his actions," the record clearly and convincingly does not support the trial court's findings. (*Id.* at 6).

**{¶12}** Webb's argument is without merit because the trial court's consecutive sentence is supported by the record. Specifically, the record supports the trial court's conclusion under R.C. 2929.14(C)(4)(a) that Webb committed the instant offense while under post-release control for a prior offense. *See State v. Thomas*, 2020-Ohio-5468, ¶ 20 (3d Dist.). Moreover, Webb acknowledges that he "was clearly on post-release control at the time of this offense." (Appellant's Brief at 5). Because only one R.C. 2929.14(C)(4)(a)-(c) factor needs to be supported by the record, we need not address Webb's argument regarding the trial court's findings under R.C. 2929.14(C)(4)(b) or (c). *See Thomas* at ¶ 20. Therefore, we conclude that the record supports the trial court's findings under R.C. 2929.14(C)(4).

{¶13} Webb's assignment of error is overruled.

{¶14} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/hls**