[Cite as *State v. Smith*, 2016-Ohio-3483.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-25 |
| | : | |
| v. | : | T.C. NO. 15CR67 |
| | : | |
| JACOB H. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___17th___ day of ____June____, 2016.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

MARIA L. RABOLD, Atty. Reg. No. 0089080, 443 E. Central Avenue, Miamisburg, Ohio 45342
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Jacob H. Smith appeals from a judgment of the Champaign County Court of Common Pleas, which found him guilty of domestic violence, a fourth-degree felony, sentenced him to 18 months in prison, and ordered that his sentence be served consecutively to a sentence previously imposed in Logan County. Smith challenges the imposition of consecutive sentences. For the following reasons, the trial court's

judgment will be affirmed.

## I. Procedural History

{¶ 2} In May 2015, Smith was indicted for domestic violence, in violation of R.C. 2919.25(A), a third-degree felony, based on an incident involving his girlfriend on April 28, 2015. The indictment alleged that Smith had previously been convicted of or pled guilty to domestic violence or offenses of violence involving family members in three prior cases: Franklin M.C. No. 2011 CRB 13904 (domestic violence); Fairfield M.C. No. CRB 0803170 (endangering children); and Franklin C.P. No. 2000 CR 5923 (endangering children).

{¶ 3} On June 15, 2015, Smith pled guilty to an amended charge of domestic violence, a fourth-degree felony. As part of the plea, the State agreed to delete references to Smith's prior convictions for endangering children, to recommend an 18-month prison term at sentencing, and to remain silent on whether the sentence should be served concurrently with or consecutive to a Logan County sentence. (At the time of the plea, Smith was on community control in Logan County for burglary.) Smith agreed to a joint recommendation of a maximum sentence of 18 months in prison. The trial court accepted the plea, ordered a presentence investigation, and scheduled sentencing for July 14.

{¶ 4} At sentencing, the trial court heard from the prosecutor and defense counsel; Smith declined to speak on his own behalf. Both parties indicated that they had agreed to a maximum 18-month sentence. Defense counsel asked the trial court to order that the sentence be served concurrently with Smith's sentence in Logan County; Smith's community control had been revoked, and counsel stated that the Logan County

court had imposed a two-year sentence.

{¶ 5} The court imposed the agreed 18-month sentence, and it ordered Smith's sentence to be served consecutively to the prison term imposed by Logan County. The trial court also ordered Smith to pay a fine of $250 and court costs.

{¶ 6} In imposing consecutive sentences, the trial court found that consecutive sentencing was necessary to protect the public from future crime or to punish Smith, that consecutive sentences were not disproportionate to the seriousness of Smith's conduct and to the danger he posed to the public, that Smith committed one or more of the multiple offenses while he was awaiting trial or sentencing or was on community control or post-release control, and that Smith's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime by him. The trial court's findings were incorporated in the court's judgment entry, filed on July 15, 2015.

{¶ 7} Smith appeals from the trial court's judgment.

## II. Imposition of Consecutive Sentences

{¶ 8} In his sole assignment of error, Smith claims that "the trial court did not conduct the proper analysis required by O.R.C. § 2929.14(C) prior to issuing a consecutive sentence and an imposition of such sentence is not supported by the record."

{¶ 9} Prior to imposing any sentence, the trial court is required to consider the purposes and principles of felony sentencing in R.C. 2929.11 and R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. The overriding purposes of felony sentencing, as set forth in R.C. 2929.11(A), are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without

imposing an unnecessary burden on state or local government resources." These purposes must be taken into account when the trial court imposes sentences for each offense, such as when determining whether to impose community control versus a prison sentence or when determining the appropriate prison term for the offense.

{¶ 10} After determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds [1] that the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} In imposing consecutive sentences, the trial court must make the statutory findings and incorporate them into its sentencing entry, but the trial court is not required to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 12} The Ohio Supreme Court has made clear that felony sentences are longer reviewed under an abuse of discretion standard but, instead, in accordance with the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-1002, __ N.E.3d __. *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.). "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.' " *Bonnell* at ¶ 28.

{¶ 13} There are two ways that a defendant can challenge consecutive sentences on appeal. "First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4)." (Citations omitted.) *State v. Adams*, 2d Dist. Clark No. 2014 CA 13, 2015-Ohio-1160, ¶ 17. Smith raises both types of arguments.

{¶ 14} In the present case, the trial court made the statutory findings required by R.C. 2929.14(C)(4) both at the sentencing hearing and in its judgment entry. The trial court found that consecutive sentencing was necessary to protect the public from future crime or to punish Smith and that consecutive sentences were not disproportionate to the seriousness of Smith's conduct and to the danger he posed to the public. The trial court further found that Smith committed one or more of the multiple offenses while he was awaiting trial or sentencing or was on community control or post-release control, and that his criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime by him.

{¶ 15} We have encouraged trial courts to offer an explanation of the rationale (both case-specific and statutory) for their sentences. *Adams* at ¶ 18. Such an explanation "can only increase the public understanding of a particular sanction and thus the perceived legitimacy of the criminal justice system." *Id.* The trial court provided a detailed explanation of its analysis in deciding to impose an 18-month sentence, but it did not expound upon the statutory findings under R.C. 2929.14(C)(4). Nonetheless, the trial court was not required to provide reasons to support its findings under R.C. 2929.14(C)(4). *Id.*; *Bonnell* at ¶ 37. The trial court's imposition of consecutive sentences was not contrary to law.

{¶ 16} Upon review of the record, we also cannot clearly and convincingly find that the record does not support the imposition of consecutive sentences.

{¶ 17} At the time of the offense, Smith and the complainant had been in a relationship for about three years. According to the arresting officer's statement in the presentence investigation report, the officer went to Smith's and his girlfriend's residence

on a report that the girlfriend had threatened to kill herself; the girlfriend reportedly had expressed suicidal ideations in the past. When no one answered the door to the residence, the officer spoke with a neighbor, who contacted Smith by telephone. Smith informed the neighbor that everything was fine. When the officer asked Smith (via the neighbor) to ask his girlfriend to come out of the apartment and speak with him (the officer), Smith again said that everything was fine. When the girlfriend ultimately came to the door, officers noticed marks around her eyes, mouth, forehead, and chin; the girlfriend initially told the officers that the injuries were self-inflicted. The girlfriend later stated that she had argued with Smith and that Smith pointed his finger in her face, choked her, told her that she was worthless and deserved to die, and hit her several times in the face.

{¶ 18} In a statement provided to the presentence investigator, Smith denied the allegations during the presentence investigation. He stated that he and his girlfriend had some drinks and got into a fight over children and money. Smith stated that his girlfriend tried to kill herself and then "went off" on him, scratching him. Smith claimed that he pushed his girlfriend off of him and that she fell and hit her mouth on a chair. Smith wrote that he felt "really bad for what happened. I wish I could take it back now but it is too late for that now." Smith told the investigator that he had not spoken with the complainant since the offense, but he wanted to continue their relationship.

{¶ 19} Smith's criminal history began when he was 20 years old, when he was convicted of endangering children, a third-degree felony. That offense involved physical injuries to a baby, including injuries that were consistent with the child's having been violently shaken. Smith had a subsequent offense of endangering children, a first-

degree misdemeanor, in 2009, and was convicted of domestic violence, a misdemeanor, in 2011. Smith's criminal history also included drug-related offenses in 2005, 2006, and 2012; violation of a protection order in 2009; disorderly conduct in 2011 and 2013; burglary, a third-degree felony, in 2012; and several community control/probation violations.

{¶ 20} At the time of the instant offense, Smith was 33 years old, and he was on community control in Logan County for the burglary conviction. On July 7, 2015, the Logan County court revoked Smith's community control and imposed two years in prison. Smith had previously served time in prison as a result of community control violations in prior cases – 12 months on the 2002 endangering children conviction; 10 months on a 2003 possession of cocaine conviction; and 11 months on a 2006 aggravated possession of drugs conviction.

{¶ 21} Smith has been diagnosed with depression, bipolar disorder, and panic disorder, and he reported that he had last attended counseling eight months before sentencing. Smith was prescribed medication, but he stated that he had not taken his medication since approximately three weeks before the instant offense. Smith told the court at sentencing that he has lost his medical card.

{¶ 22} Upon questioning by the court at sentencing, Smith acknowledged that he had been in a residential program at West Central as part of his Logan County community control. Smith stated that he did not use his anger management and family relationship tools on April 28, the day of the offense, because "we were both drinking so I didn't have a clear mind." Smith also attributed the familial conflicts to not taking his medication.

{¶ 23} Upon review of the record, it is clear that Smith committed the instant

domestic violence while he was on community control for the burglary case in Logan County. Smith had a prior domestic violence case and two prior cases of endangering children, and various other convictions and community control/probation violations in nearly each year since 2002. In this case, we do not clearly and convincingly find either of the following: (1) that the record does not support the trial court findings, or (2) that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). Since we cannot find by clear and convincing evidence that the record does not support the sentencing decision, we must affirm. *Marcum*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-1002, __ N.E.3d __, at ¶ 7, ¶ 23.

{¶ 24} Smith's assignment of error is overruled.

### III. Conclusion

{¶ 25} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Jane A. Napier
Maria L. Rabold
Hon. Nick A. Selvaggio