[Cite as *State v. McFadden*, 2017-Ohio-6905.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2016-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-187 |
| | : | |
| RICHARD MCFADDEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 21st day of July, 2017.

. . . . . . . . . .

JANE NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 7821 N. Dixie Drive, Dayton, Ohio, 45414
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

**{¶ 1}** Richard McFadden appeals from his conviction and sentence on two counts of felony domestic violence, one count of obstructing official business, and one count of resisting arrest.

**{¶ 2}** In his sole assignment of error, McFadden challenges his aggregate four-year prison sentence, arguing that it is an abuse of discretion and that it is unsupported by the record.

**{¶ 3}** The State obtained an eight-count indictment against McFadden in August 2016, charging him with one count of felonious assault (F2), three counts of domestic violence (F4), one count of obstructing official business (F5), two counts of aggravated menacing (M1), and one count of resisting arrest (M2). The domestic-violence charges involved acts of physical harm against his wife and his mother in law. The felonious assault charge involved cutting his mother in law's hand with a knife. The resisting arrest charge involved McFadden's conduct when police arrested him for the foregoing incidents. The aggravated menacing charges involved McFadden threatening to kill two arresting police officers. The obstructing official business charge involved him resisting an officer who was attempting to facilitate a video arraignment.

**{¶ 4}** McFadden ultimately pled guilty to two fourth-degree felony counts of domestic violence (one involving his wife and one involving his mother in law), one fifth-degree felony count of obstructing official business, and one count of resisting arrest, a second-degree misdemeanor. In exchange for the plea, the State agreed to dismiss the remaining four charges and to recommend a PSI report. The parties also agreed that McFadden would pay $479 in restitution. The trial court accepted the guilty pleas, and the

matter later proceeded to sentencing. During the sentencing hearing, the trial court indicated that it had reviewed the PSI report and supporting materials. The trial court also heard statements from counsel and from McFadden. It then imposed an 18-month prison sentence for each domestic-violence conviction, a 12-month prison sentence for obstructing official business, and a 60-day sentence for resisting arrest. The trial court ordered the domestic-violence sentences and the obstructing-official-business sentence to be served consecutively, resulting in an aggregate 48-month prison term. The trial court made the 60-day misdemeanor sentence concurrent. It also imposed the agreed-upon restitution.

{¶ 5} McFadden's assignment of error states: "The trial court committed prejudicial error in considering inaccurate 'evidence' and, thus, erroneously concluded that appellant was likely to commit future crimes." In support, he argues that the trial court "seemed almost glibly willing to interpret every act [he committed] in an exaggerated and deleterious fashion[.]" (Appellant's brief at 7). He contends the trial court "flatly ignored" a finding in the PSI report that his overall risk assessment was "low." (*Id.*). He asserts that his prior criminal record consisted of misdemeanors and that he never had been to prison. He cites the trial court's finding that he "believed" his wife was pregnant when, in fact, she was not. (*Id.*). In addition, he takes issue with the trial court's characterization of his tussling with a police officer as an assault. Finally, he claims the trial court treated his lack of prior military service as a factor making recidivism more likely and gave it substantial weight. For the foregoing reasons, McFadden maintains that his aggregate 48-month prison term is an abuse of discretion and is unsupported by the record.

{¶ 6} Upon review, we find McFadden's argument to be unpersuasive. As a

threshold matter, we do not review a trial court's sentence for an abuse of discretion. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10. Rather, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23. With regard to consecutive sentences, an appellant must demonstrate by clear and convincing evidence that the record does not support the findings required by R.C. 2929.14(C)(4). When such findings are not required, an appellant still must demonstrate by clear and convincing evidence that the record does not support the sentence. *Id.*

{¶ 7} In the present case, McFadden's individual sentences are within the applicable statutory range, and the trial court indicated that it had considered the statutory principles and purposes of sentencing as well as the seriousness and recidivism factors before imposing them. Therefore, the individual sentences are not contrary to law. *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 9-10 (recognizing that maximum sentences are not contrary to law when they are within the authorized range and the trial court considered the principles and purposes of sentencing and the seriousness and recidivism factors). The trial court's imposition of consecutive sentences also is not contrary to law because the trial court made the findings required by R.C. 2929.14(C)(4) before ordering consecutive service. *State v. Smith*, 2d Dist. Champaign No. 2015-CA-25, 2016-Ohio-3483, ¶ 13-15 (noting that consecutive sentences are not contrary to law when a trial court makes the statutorily mandated findings).

{¶ 8} The only remaining question is whether McFadden has demonstrated by clear and convincing evidence that the record fails to support his individual sentences or

the trial court's imposition of consecutive sentences. With regard to the individual sentences, no particular findings were required. The trial court simply was obligated to consider the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The trial court stated that it had done so. (Sentencing Tr. at 19). Although not required, the trial court also expressly discussed the seriousness and recidivism factors as follows:

With regard to seriousness factors, the Court finds that the Defendant's violent conduct, or admitted violent conduct, involve four separate victims. Two of whom were family or household members and two of whom were members of law enforcement. The Defendant was told prior to the assault of the first domestic violence victim that the first domestic violence victim was four weeks pregnant at the time of the offense. This victim was choked and punched in the stomach four times. The same victim was subsequently physically assaulted by the Defendant again after she was able to initially remove herself from the household and then escorted back by a neighbor.

The second domestic violence victim was physically assaulted by the Defendant's use of a knife against her resulting in defensive wounds to three of her fingers. Court finds that the Defendant assaulted the second domestic violence victim after forcefully entering her home and damaging her front door and door frame. The Defendant's relationship with the victims facilitated the offense.

The Defendant also assaulted a video arraignment jail officer during

an official court proceeding. And the Defendant was on probation for domestic violence when he committed multiple acts of domestic violence in the case at bar. Court also finds that the offense involved was domestic violence. And that the Defendant committed the offense in the vicinity of one or more children that are not victims of the offense. And the Defendant or the victim of the offense was the parent of one or more of those children.

With regard to less serious factors, the Court finds none. Court concludes that factors establishing Defendant's conduct is more serious outweigh factors establishing Defendant's conduct is less serious. The Court rejects the notion that the victim induced or facilitated the offense. And the Court finds as non-credible the Defendant's explanation for the origin of the incident given the collaborating evidence that was also presented in the case.

With regard to recidivism and more likely to commit future crimes, the Court finds that Defendant was previously adjudicated a delinquent child, has a history of criminal convictions, has not been rehabilitated to a satisfactory degree, has not responded favorably to sanctions previously imposed, the Defendant was on probation for domestic violence when he committed multiple acts of domestic violence with different or family—with different, family, or household victims, and the Defendant shows no genuine remorse for the offense.

With regard to less likely to commit future crimes, the Court finds that no factors exist. Court concludes that factors establishing Defendant's

recidivism more likely outweigh factors establishing recidivism is less likely.

* * *

(*Id.* at 19-21).

{¶ 9} The trial court also made the following findings under R.C. 2929.13(B), which authorizes prison terms for certain fourth and fifth-degree felonies under specified circumstances:

Court also makes the 2929.13(B)(1)(b) findings that in committing the offense the Defendant attempted to cause or made an actual threat of physical harm to a person with a deadly weapon. In committing the offense the Defendant attempted to cause or made an actual threat of physical harm to a person. And the Defendant was previously convicted of an offense that caused physical harm to a person. The Defendant committed the offense while on probation for a prior offense. * * *

(Sentencing Tr. at 21-22).

{¶ 10} On appeal, McFadden contends the trial court considered "inaccurate 'evidence.' " He has not identified any particular inaccuracies, however, and the record supports the foregoing findings.[1] McFadden also claims the trial court "flatly ignored" his low risk-assessment score. But the trial court did not ignore the score. It recognized that "Defendant's Ohio Risk Assessment Score is 10, which is considered low." (Sentencing Tr. at 18). It simply concluded based on all of the evidence that the statutory seriousness

---

[1] The only potential inaccuracy we have found involves the trial court's statement that McFadden "was previously adjudicated a delinquent child * * * ." (Sentencing Tr. at 21). The PSI report does not reflect any juvenile adjudications. (*See* PSI Report at 7). McFadden has not mentioned this potential inaccuracy, however, or raised it as an issue on appeal.

and recidivism factors weighed against McFadden. We have recognized that a trial court is not required to accept risk-assessment recommendations in a PSI report. *State v. Bray*, 2d Dist. Clark No. 2016-CA-22, 2017-Ohio-118, ¶ 33. In addition, the PSI report here acknowledged that the risk-assessment tool depends on a defendant's candor for accuracy. (PSI Report at 9). McFadden's score depended in part on his responses to numerous questions, some of which were subjective opinions. For example, the risk-assessment tool scored McFadden favorably for agreeing that he expresses concern about others, stating that he does not feel a lack of control over events, saying that he sees a problem with telling lies, and stating that he walks away from fights. The veracity of these responses is for the trial court to consider given McFadden stomach-punching his wife (who he thought was pregnant), cutting his mother in law with a knife, threatening to kill the arresting officers, and tussling with another officer in jail. McFadden also assaulted his wife a second time after the first incident ended, and he was on probation for domestic violence at the time. McFadden admitted in a letter to the court that he needs "to get help with [his] anger." (Court's Exhibit A to PSI Report). McFadden's attorney additionally acknowledged that he "does have to have some rage counseling." (Sentencing Tr. at 8). The trial court also found that McFadden's version of events was "not credible," suggesting that McFadden was lying. The record supports the trial court's finding that McFadden was not credible. He attributed his behavior in part to his wife secretly drugging him. He also claimed his wife and his mother in law had instigated the incidents, that they had hit him first, and that his mother in law first had attacked him with a knife. The trial court certainly had the discretion to disbelieve these statements.

{¶ 11} McFadden's dispute about whether he "assaulted" the video-arraignment

officer or "wrestled" with him is, at least for present purposes, nothing more than semantics. The trial court did not find that McFadden's actions met the legal definition of criminal assault. (Sentencing Tr. at 4). He pled guilty to obstructing official business based on the incident, which the record reflects involved McFadden cursing and then becoming "combative and engaged in active resistance against Sergeant Wiskirchen's attempts to remove McFadden to a holding cell." (PSI Report at 6). The sergeant injured his shoulder during the incident, which was described as a "struggle" to subdue McFadden's "turbulent behavior." (*Id.*).

{¶ 12} McFadden also criticizes the trial court for improperly treating his lack of prior military service as a factor making recidivism more likely and for giving it substantial weight. The record does not support this claim. The trial court did state that it had "considered" McFadden's lack of military service. (Sentencing Tr. at 19, 21). The trial court made this statement, however, in apparent recognition of R.C. 2929.12(F), which obligates a sentencing court to "consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses." Nothing in the record suggests that the trial court treated McFadden's lack of military service as a factor making recidivism more likely.

{¶ 13} Finally, McFadden points out that his prior criminal record consisted of misdemeanors and that he never had been to prison. Although he is correct, the trial court recognized these facts and considered them along with the fact that he was on probation for domestic violence against yet another woman when he committed the acts of domestic

violence at issue here, which involved, among other things, stomach-punching his spouse, who he believed was pregnant, and cutting his mother in law with a knife after kicking in her front door. In fashioning an appropriate sentence, the trial court was entitled to consider the fact that his act of using a knife against his mother in law would have supported a felonious-assault conviction. (Sentencing Tr. at 18, 22, 29).[2] The trial court also was entitled to consider the other information it discussed in its analysis of the statutory seriousness and recidivism factors. After evaluating the record as a whole, we are unconvinced that McFadden has shown by clear and convincing evidence that the record fails to support his individual sentences.

{¶ 14} We reach the same conclusion with regard to the trial court's consecutive-sentence findings. McFadden has not established that the record clearly and convincingly does not support those findings under R.C. 2929.14(C)(4), which permits consecutive prison terms

> if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised

---

[2] The trial court initially stated that McFadden's act of breaking into his mother in law's home also was aggravated burglary. It corrected itself, however, upon being advised that McFadden was residing with her. (Sentencing Tr. at 18, 22, 29).

Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 15} Here the trial court made the following findings:

In imposing consecutive sentences, the Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant. Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger he poses to the public. The Court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed, as part of any of the courses of conduct, adequately reflects the seriousness of the Defendant's conduct.

Court specifically finds that during the domestic violence incidents the Defendant punched who he thought was a pregnant victim in the stomach. The Defendant busted into a residence after being denied

permission to enter and assaulted the occupant resident with a knife. And the Defendant was on probation for domestic violence involve one of the same—I'm sorry. During the domestic violence incident the Defendant was already on probation for domestic violence. And the Defendant assaulted a law enforcement officer during an official court proceeding. Court also finds that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

(Sentencing Tr. at 23-24).

{¶ 16} On appeal, McFadden does not specifically address the statutory findings under R.C. 2929.14(C)(4). The import of his argument, however, is that his history of criminal conduct does not indicate a likelihood of recidivism and, apparently, that consecutive sentences are not necessary to protect the public from future crime.

{¶ 17} Upon review, we do not find by clear and convincing evidence that the record fails to support the trial court's consecutive-sentence findings. The trial court reasonably concluded that consecutive service was necessary to protect the public from future crime or to punish McFadden and that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he poses to the public. Once again, the conduct at issue involved, among other things, McFadden stomach-punching his spouse, who he believed was pregnant, and cutting his mother in law with a knife after kicking in her front door. At the time of these offenses, McFadden was on probation for domestic violence against another person. He also resisted arrest, threatened to kill the arresting officers, and later scuffled with an officer at the jail, resulting

in an injury to the officer. In light of this conduct and McFadden's indisputable impulse-control and anger issues, the record does not clearly and convincingly fail to support the trial court's findings about consecutive sentences (1) being necessary to protect the public from future crime or to punish McFadden and (2) not being disproportionate to the seriousness of his conduct and the danger he poses to the public.

{¶ 18} As for the additional finding required under R.C. 2929.14(C)(4)(a), (b), or (c), the trial court found subsections (b) and (c) applicable. With regard to subsection (b), which involves the existence of harm so great or unusual that no single prison term would suffice, McFadden makes no argument at all concerning the harm he caused and whether it satisfies subsection (b). As set forth above, the harm at issue involved him punching his wife, cutting his mother in law, and injuring an officer's shoulder. The PSI report includes a victim-impact statement from McFadden's mother in law, who reported suffering psychological harm, including anxiety and a need for counseling. Absent any specific argument from McFadden, we do not find that the record clearly and convincingly fails to support the trial court's finding under R.C. 2929.14(C)(4)(b).

{¶ 19} We reach the same conclusion with regard to the trial court's additional finding under R.C. 2929.14(C)(4)(c), which involves a history of criminal conduct demonstrating that consecutive sentences are necessary to protect the public from future crime. Although McFadden had only a prior misdemeanor record and had not served prison time, we find it significant that he committed the present acts of domestic violence while still on probation for committing the same crime against someone else. One of the acts of domestic violence at issue also was particularly serious. As the trial court noted, his act of cutting his mother in law with a knife could have supported a felonious assault

conviction. And the other act was particularly concerning, insofar as McFadden believed his wife was pregnant when he repeatedly punched her in the stomach and, as far as he knew, risked injury to his own unborn child. We note too that McFadden did have a prior criminal record consisting of an aggravated menacing conviction in 2014, obstructing justice and marijuana possession in 2016, the prior domestic violence in 2016, and a prior probation violation. Particularly in light of the fact that McFadden committed the present acts of domestic violence while on probation for the same offense, we do not find that the record clearly and convincingly fails to support the trial court's finding under R.C. 2929.14(C)(4)(c). In any event, that alternative finding was unnecessary in light of the trial court's additional finding under R.C. 2929.14(C)(4)(b).

{¶ 20} Based on the reasoning set forth above, we overrule McFadden's assignment of error and affirm the judgment of the Champaign County Common Pleas Court.

. . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Jane Napier
J. Allen Wilmes
Hon. Nick A. Selvaggio