[Cite as *State v. Vance*, 2017-Ohio-8607.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-18 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-514 |
| | : | |
| RANDALL L. VANCE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2017.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

ANN M. RINGLER, Atty. Reg. No. 0082305, P.O. Box 3025, Springfield, Ohio 45501
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Randall Vance appeals his prison sentence for drug-related offenses. Finding no error, we affirm.

## BACKGROUND

{¶ 2} In January 2017, Vance pleaded guilty to one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a third-degree felony (Count 1), and to one count of possession of heroin in violation of R.C. 2925.11(A), a fifth-degree felony (Count 3).[1] The trial court sentenced Vance to three years in prison on Count 1 and one year in prison on Count 3 and ordered the sentences to run concurrently.

{¶ 3} Vance appealed.

## ANALYSIS

{¶ 4} Vance assigns two errors to the trial court. Both assignments of error challenge the court's sentencing decision. " '[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.' " *State v. McFadden*, 2d Dist. Champaign No. 2016-CA-28, 2017-Ohio-6905, ¶ 6, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

*Erroneous finding of fact in the judgment entry*

{¶ 5} The first assignment of error argues that the record does not support the sentence because the trial court made an incorrect factual finding in the judgment entry.

---

[1] Under the negotiated plea, a count of aggravated possession of drugs (Count 2) was dismissed.

**{¶ 6}** Because Vance pleaded guilty to fifth-degree possession of heroin, the trial court considered R.C. 2929.13(B)(1)(a), which provides:

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

* * *

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

In the judgment entry, the court found that the most serious charge against Vance was greater than a fourth-degree felony. The court also found that Vance "previously has been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the defendant committed within two years prior to the offense for which sentence is being imposed."

**{¶ 7}** The problem is, the record does not support that Vance has ever before been convicted of or pleaded guilty to a felony offense or that he has ever been convicted of or

pleaded guilty to a misdemeanor offense of violence within the two years before the offenses in this case. The trial court did not mention Vance's criminal history at the sentencing hearing. At the hearing, both Vance and his counsel told the court that Vance does not have any felonies on his record. As for the pre-sentence investigation report, all it says is that Vance "has an extensive criminal history, as well as an extensive history of noncompliance." So Vance argues that the trial court should have applied R.C. 2929.13(B)(1)(a) to the fifth-degree possession count and sentenced him to community control. The state concedes that the finding as to Vance's prior convictions or guilty pleas is erroneous. But it argues that this error is harmless. We agree with the state.

{¶ 8} Even without a previous felony or a violent misdemeanor conviction or guilty plea, mandatory community control under R.C. 2929.13(B)(1)(a) would not apply to the possession count because the statute requires that "all of the following apply." The second statutory condition, that the offender's most serious charge is a "fourth or fifth degree" felony is not satisfied here because the most serious charge against Vance at the time of sentencing was a felony of the third degree. *See* R.C. 2929.13(B)(1)(a)(ii). In addition, R.C. 2929.13(B)(1)(a) would not apply because that division is subject to the exceptions in division (B)(1)(b) of the statute, which gives the court "discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence" in certain situations. One of those exceptions is if "[t]he offender violated a term of the conditions of bond as set by the court," R.C. 2929.13(B)(1)(b)(iii). The trial court found that he violated his bond on the day he pleaded guilty in this case when Vance tested positive for methamphetamine, amphetamine, and marijuana.

**{¶ 9}** The errors in the judgment entry about a prior felony conviction or a prior misdemeanor offense of violence within two years are harmless due to sentencing at the same time for a third degree felony and due to Appellant's violation of conditions of bond.

**{¶ 10}** The first assignment of error is overruled.

*Failure to consider drug treatment*

**{¶ 11}** The second assignment of error argues that Vance is a good candidate for drug treatment but the trial court failed to consider this and instead sentenced him to prison.

**{¶ 12}** The record fails to support this claim. The transcript of the sentencing hearing shows that the trial court carefully considered drug treatment. The court sent Vance to prison because it believed that he would not be successful on community control. The court cited Vance's pattern of non-compliance with the requirements of the probation department before sentencing, including his failure to obtain a drug assessment and failure to complete a pre-sentence investigation questionnaire. We note that both of these would assist the court to assess what the appropriate treatment options are for an offender. The court further noted that on the very day he pleaded guilty in this case, Vance tested positive for methamphetamine, amphetamine, and marijuana, violating the conditions of his bond. Also while on bond, said the court, Vance was charged with misdemeanor criminal damaging in another case. He then failed to report to the probation department and a warrant had to be issued. And when he was arrested, Vance said that he "could not submit to a drug test." (Sentencing Tr. 8). The trial court also said that it considered Vance's conviction for illegal assembly or possession of chemicals for the manufacture of drugs very serious because it involved the production of narcotics, which

meant that he was "a source for people to get meth," contributing to the drug problems in the community. (*Id.* at 10).

{¶ 13} While the trial court believed that prison would be best, the court was also sympathetic to Vance's drug problems. It told Vance about the Oasis Program, a prison drug-treatment program which it described as a "long-term program designed to give the people the tools in a 24/7 environment to address those issues." (*Id.* at 12). The court strongly encouraged Vance enter this program, telling him "that the time you are going to be serving would be best served for you by entering this program." (*Id.* at 13).

{¶ 14} The trial court's decision to impose a prison sentence is not contrary to law, is supported by the record and consequently we are unable to find by clear and convincing evidence that the sentence is unsupported by the record.

{¶ 15} The second assignment of error is overruled.

## CONCLUSION

{¶ 16} We have overruled both of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Nathaniel R. Luken
Ann M. Ringler
Hon. Stephen Wolaver